IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:14-CR-00046- |
| | § | ALM-AGD |
| JACOBY HARPER (4) | § | |

**REPORT AND RECOMMENDATION**
<u>**OF UNITED STATES MAGISTRATE JUDGE**</u>

Now before the court is the request for revocation of Defendant Jacoby Harper's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on March 19, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Christopher Mulder. The Government was represented by Chalana Oliver.

On January 14, 2015, this case was reassigned to The Honorable Amos L. Mazzant, III of the Eastern District of Texas. Defendant was sentenced on April 7, 2016, before Judge Mazzant, after pleading guilty to the offense of Conspiracy to Possess with the Intent to Distribute Marijuana, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of VI, was 188 to 235 months. Defendant was subsequently sentenced to 188 months imprisonment followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse testing and treatment, and a $100.00 special assessment. On July 17, 2018, the imprisonment portion of the sentence was reduced to 113 months pursuant to Fed. R. Crim P. 35(b). On August 10, 2021, Defendant completed his period of imprisonment and began service of the supervision term.

On February 13, 2024, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #440, Sealed).  The Petition asserts that Defendant violated the following conditions: (1) <u>Mandatory Condition</u>: Defendant shall not commit another federal, state, or local crime; (2) <u>Mandatory Condition</u>: Defendant shall not commit another federal, state, or local crime; (3) <u>Special Condition</u>: Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the Probation Officer. Defendant shall pay any cost associated with treatment and testing; (4) <u>Standard Condition</u>: Defendant shall answer truthfully all inquiries by the Probation Officer and follow the instructions of the Probation Officer; (5) <u>Mandatory Condition</u>: Defendant shall refrain from any unlawful use of a controlled substance; (6) <u>Standard Condition</u>: Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; and (7) <u>Standard Condition</u>: Defendant shall report to the Probation Officer in a manner and frequency directed by the Court or Probation Officer. (Dkt. #440 at pp. 1–3, Sealed).

With respect to Allegation #1, the Petition alleges the following: On October 10, 2021, in Dallas County, Texas, Defendant committed the offense of Obstruction of Highway Passageway, a Class B Misdemeanor. On January 17, 2023, he pleaded guilty and was sentenced to Time Served under Docket No. MB2160728 in the Dallas County Criminal Court 3. The charge was also reduced to a Class C Misdemeanor. According to the offense report, Defendant blocked three lanes of traffic on a roadway. Dallas, Texas Police Department Officers asked him why he was parked

in a manner obstructing traffic, and he told them he was angry because security was not allowing him to enter the parking lot. He was subsequently arrested (Dkt. #440 at p. 1, Sealed).

With respect to Allegations #2 and #3, the Petition alleges the following actions: On February 7, 2024, Defendant presented himself at the U.S. Probation Office in Plano, Texas, for random drug testing. During collection of his urine specimen, the U.S. Probation Officer observed he was wearing a device used to alter his urinalysis result. Upon further instruction and observation, it was determined that Defendant possessed and used a small pocket size hand sanitizer bottle that had silver ribbon wrapped around the cap and the tip of what appeared to be a broken coffee straw. Defendant signed a written admission form stating as much. By trying to use this device, Defendant was intentionally refusing to provide a urine specimen of his own and therefore, refusing to participate in the testing for substance abuse. Falsification of a drug test is a violation of Texas Health and Safety Code § 481.133, a Class B Misdemeanor. No formal charges have been filed in this matter (Dkt. #440 at p. 2, Sealed).

With respect to Allegations #4, #5, and #6, the Petition alleges the following actions: On February 6, 2024, Defendant was instructed, via text message, to report to the U.S. Probation Office in Plano, Texas to submit a random urine specimen on February 7, 2024. Although he reported as instructed, upon producing the specimen, it was discovered he had attempted to use a device to falsify the urinalysis result. Following this discovery, he was instructed to proceed with the submission of the random urine specimen. However, Mr. Harper was unable or unwilling to provide a urine specimen. As such, he failed to follow the instructions of the probation officer. During a phone call on this same date, he verbally admitted he had consumed marijuana, and had been using marijuana heavily since December 2023. Additionally, he provided a written admission of marijuana use (Dkt. #440 at p. 2, Sealed).

With respect to Allegation #7, the Petition alleges the following actions: On August 10, 2021, during the initial interview visit, Defendant was advised he was required to report online, for the month prior, by the 5th of each month. However, Defendant failed to submit monthly supervision reports as instructed, during the months of August 2021; January, March, and April of 2022; and January 2023. Specifically, he submitted the August 2021 report on September 8, 2021; the January report on February 11, 2022, the March report on April 6, 2022, and the April report on May 14, 2022; and the January 2023 report on February 6, 2023 (Dkt. #440 at p. 3, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations #2 through #7 of the Petition. Having considered the Petition and the plea of true to allegations #2 through #7, the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of eight (8) months, with no term of supervised release to follow.

The court also recommends that Defendant be housed in a Bureau of Prisons facility in Fort Worth, Texas or Seagoville, Texas, if appropriate.

**SIGNED this 29th day of May, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE